
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
) No. 77074-8-I
        Respondent, )
) DIVISION ONE
    v. )
) UNPUBLISHED OPINION
MARK GONZALES, )
)
        Appellant. ) FILED: February 12, 2018

PER CURIAM — Mark Gonzales appeals the sentence imposed following his guilty pleas to third degree assault and felony harassment. He contends, and the State concedes, that the combined terms of confinement and community custody on the assault exceed the statutory maximum sentence. We accept the State's concession but leave the parties' dispute regarding the proper procedure on remand for the trial court.

Gonzales' Statement of Additional Grounds (SAG) consists largely of a series of legal propositions, most of which fail to "inform the court of the nature and occurrence of alleged errors." RAP 10.10(c). The few that arguably comply with the rule fail for the following reasons.

Gonzales challenges his offender score, arguing for the first time on appeal that his current offenses are the same criminal conduct. We will not review a same criminal conduct claim raised for the first time on appeal. State v. Brown, 159 Wn.App. 1, 16-17, 248 P.3d 518 (2010). Furthermore, it is unclear

whether his current offenses were included in his offender scores and, in any event, he fails to demonstrate that a one point reduction in his scores would bring them below "9+". CP 190.[1]

Gonzales also claims that California convictions included in his offender score "were Double Jeopardy." SAG at 5. This claim is not only too conclusory to warrant review, but it overlooks Gonzales' stipulation below that the California convictions "are all appropriately included in my offender score." CP 168.

Finally, Gonzales contends he should have received an "exceptional minimum indeterminate sentence." SAG at exhibit 4. Gonzales waived his right to raise this claim on appeal. His plea agreement states:

> 11. I agree and stipulate that justice is best served by the imposition of an 108 month exceptional sentence outside the standard range, as permitted by RCW 9.94A.535(2)(a), and believe an exceptional sentence of 108 months to be consistent with and in furtherance of the interests of justice and the purposes of the Sentencing Reform Act.
>
> 12. I waive the right to appeal any sentence outside of my standard ranges, so long as the sentence imposed is within the statutory maximum.
> . . .
> 17. I knowingly, voluntarily, and intelligently waive my right to appeal the imposition of an exceptional sentence.

CP 169-70.

Remanded for amendment of the judgment and sentence.

For the Court:

_Trickey, Acd_
_Verellen_
_Dwyer J._

---

[1] Gonzales' criminal history includes over 20 prior convictions.